UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA ROSALES,                )  | |
|                                )  | |
|           Plaintiff,           )  | |
|                                )  | |
| vs.                            )  | CIVIL ACTION NO. 05-11442 PBS |
|                                )  | |
| MANHATTAN ASSOCIATES, INC.,    )  | |
|                                )  | |
|           Defendant.           )  | |

**MEMORANDUM IN SUPPORT OF MANHATTAN ASSOCIATES, INC.'S
MOTION FOR SUMMARY JUDGMENT**

The defendant, Manhattan Associates, Inc. ("Manhattan Associates"), hereby submits this memorandum in support of its motion for summary judgment, filed pursuant to Fed. R. Civ. P. 56. By its Motion, Manhattan Associates seeks the entry of summary judgment in its favor, dismissing the claims advanced by the plaintiff, Teresa Rosales ("Rosales").

Rosales brought this action asserting that she is a third-party beneficiary of an agreement between Manhattan Associates and Logistics.com, Inc. ("Logistics.com"). She claims that Manhattan Associates assumed Logistics.com's liabilities to her pursuant to an Asset Purchase Agreement between Manhattan Associates and Logistics.com and, therefore, that she is a third-party beneficiary of the Agreement. Even assuming that Manhattan Associates did assume Logistics.com's obligations, if any, towards Rosales,[1] she may not recover against Manhattan Associates because she is merely an incidental beneficiary of the Agreement.

---

[1] Manhattan Associates denies that it assumed any obligations of Logistics.com to Rosales, but this question is irrelevant for purposes of this Motion.

## **STATEMENT OF UNDISPUTED FACTS**

1. On or around December 1, 2003, Rosales brought an action against Logistics.com in the Massachusetts Superior Court, Middlesex County, under a theory of promissory estoppel.[2] More specifically, Rosales alleged that Logistics.com had made her a promise of employment and that relying on that promise, she had terminated her employment with her then current employer.[3] She further alleged that after she resigned her then current job, Logistics.com rescinded its offer of employment to her and that she suffered damages as a result of the rescission of the offer.[4]

2. On or around July 14, 2004, the Middlesex Superior Court entered a judgment by default against Logistics.com (the "Judgment").[5]

3. An Execution issued on such Judgment on November 23, 2004.[6]

4. On December 13, 2002, Manhattan Associates and Logistics.com had entered into an Asset Purchase Agreement (the "Agreement"), whereby Manhattan Associates purchased certain assets of Logistics.com.[7]

5. Under the Agreement, Manhattan Associates assumed certain obligations of Logistics.com.[8]

6. Section 10.13 of the Agreement states that:

---

[2] Complaint, Exhibit A.

[3] Complaint, Exhibit A.

[4] Complaint, Exhibit A.

[5] Complaint, ¶ 3.

[6] Complaint, ¶ 4.

[7] Affidavit of Matthew Roberts ("Roberts Affidavit"), ¶ 2.

[8] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, § 3.1.

> No Third-Party Beneficiaries. No Person not a party to this Agreement shall have rights under this Agreement as a third-party beneficiary or otherwise.[9]

7.    Rosales brought the present action in or around June 16, 2005 against Manhattan Associates alleging that the Judgment was one of Logistics.com's liabilities assumed by Manhattan Associates pursuant to the Agreement.[10]  Rosales further alleged that she was a third-party beneficiary of the Agreement, and, as such, was entitled to recover against Manhattan Associates on the Judgment.[11]

## **ARGUMENT**

### I.    **Summary Judgment Standard**

Summary judgment is appropriate when the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Griggs-Ryan v. Smith*, 904 F.2d 112, 115-16 (1st Cir. 1990); *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990).  The moving party is only required to "put the ball in play," averring an absence of evidence to support the plaintiff's case.  *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party supports its motion as required by Rule 56, the burden shifts to the opposing party to demonstrate the existence of an issue that is "genuine" and "material."  To raise a "genuine issue, an opposing party must show that the issue is reasonably resolvable in favor of either party based on sufficient evidence.  *Griggs-Ryan*, 904 F.2d at 115; *Garside*, 895 F.2d at 48.

---

[9] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, § 10.13.

[10] Complaint, ¶ 6.

[11] Complaint, ¶ 7.

3

Further, a party opposing a motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *E.H. Ashley & Co. v. Wells Fargo Alarm Servs.*, 907 F.2d 1274, 1277 (1st Cir. 1990). Conclusory responses unsupported by evidence will not defeat a properly focused motion for summary judgment; "hard evidence" of a factual dispute is necessary because evidence which is "merely colorable" or is not "significantly probative" will not preclude summary judgment. *Griggs-Ryan*, 904 F.2d at 115.

Here there are no genuine issues of material fact. While Manhattan Associates denies that it assumed the Judgment under the Agreement, that question is irrelevant for purposes of this Motion. The only question presented here is a question of law: whether Rosales may recover on the Judgment as a third-party beneficiary of the Agreement. Because, under the undisputed facts, Rosales is merely an incidental beneficiary of the Agreement, she may not recover on the Judgment against Manhattan Associates. Therefore, this Court need not reach the assumption question, and summary judgment should be granted in favor of Manhattan Associates and against Rosales.

**II.     Rosales is Merely an Incidental Beneficiary of the Agreement**

Rosales has no direct contractual relationship with Manhattan Associates and she does not so claim. Instead, she seeks direct relief against Manhattan Associates by attempting to characterize herself as a "third-party beneficiary" of the Agreement between Manhattan Associates and Logistics.com. However, in order to recover against Manhattan Associates, Rosales must show that she was the *intended* beneficiary of the Agreement. *Anderson v. Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 366-67 (1997). A party is an intended beneficiary where "the circumstances indicate that the promisee intends to give the beneficiary

4

the benefit of the promised performance." *Spinner v. Nutt*, 417 Mass. 549, 555 (1994) quoting *Rae v. Air-Speed, Inc.*, 386 Mass. 187, 194 (1982). "The intent must be clear and definite." *Anderson*, 424 Mass. at 366-67. *See also Miller v. Mooney*, 431 Mass. 57 (2000) (failure to specify clear and definite intention to benefit third party results only in an incidental beneficiary with no enforceable contract rights); *Rymes Heating Oils, Inc. v. Springfield Terminal Ry., Inc.*, 265 F. Supp.2d 147, 151 (D. Mass. 2003) (Massachusetts law requires "clear and definite intent" to give the benefit of the promised performance to a third party). Courts look at the language and circumstances of the contract for indicia of intention. *Anderson*, 424 Mass. At 366.

Here, there is nothing in the record that would demonstrate an intent on the part of Manhattan Associates or Logistics.com to specifically benefit Rosales at the time they entered into the Agreement. In fact, the terms of the Agreement itself expressly rule out the possibility that the parties so intended. Section 10.13 of the Agreement expressly states that "no person not a party to this Agreement shall have rights under this Agreement as a third-party beneficiary or otherwise." It is well-established that "if two contracting parties expressly provide that some third party who will be benefited by performance shall have no legally enforceable right, the courts should effectuate the expressed intent by denying the third party any direct remedy." *Volpe Const. Co., Inc. v. First Nat. Bank of Boston*, 30 Mass. App. Ct. 249, 256-57 (1991) quoting 4 Corbin, Contracts, § 777, at 25 (1951). *See also Luna Preservation Society v. Metropolitan District Commission*, 11 Mass. L. Rptr. 452, 2002 WL 420838, * 9 (Mass. Super. 2000) (A provision that no person other than the parties to the contract has any interest thereunder conclusively bars recovery under a third-party beneficiary theory); *Canha v. LaRoche*, 1996 WL 118659, *4 (Mass. Super. 1996) (same). Section 10.13, therefore, is dispositive of the issue: because it is clear from the provisions in the Agreement that Manhattan

5

Associates and Logistics.com did not intend the plaintiff to have any stake under the Agreement, she is merely an incidental beneficiary of the Agreement and her claims must fail.

## CONCLUSION

For the foregoing reasons, Manhattan Associates requests that this Court enter summary judgment in its favor and dismiss the plaintiff's Complaint with prejudice.

                MANHATTAN ASSOCIATES, INC.

                By its Attorneys,

                /s/ Heidsha Sheldon
                Peter S. Brooks (BBO # 058980)
                Heidsha Sheldon (BBO # 655263)
                SEYFARTH SHAW LLP
                World Trade Center East
                Two Seaport Lane
                Suite 300
                Boston, MA 02210-2028
                Telephone:    (617) 946-4800
                Telecopier:    (617) 946-4801

DATED: August 4, 2005