**EXHIBIT A**

# *John F. Maher*
### *Attorney at Law*

*50 Pleasant Street*

*Arlington, Massachusetts 02476*

*Telephone (781) 641-4889*

*Fax (781) 314-3159*

March 7, 2002

Mr. John Lanigan  
Chief Executive Officer  
Logistics.com, Inc.  
23 Third Avenue  
Burlington, MA 01803  

RE:     Teresa Rosales

Dear Sir/Madam:

     The undersigned represents Ms. Teresa Rosales of Belmont, Massachusetts, in a claim against your company based upon the legal theory of promissory estoppel. As you may know, Ms. Rosales interviewed with your company on January 24th as a systems engineer. On January 26th she received from Pervinder Johar an oral offer followed by a written offer dated January 28th, which was received on January 30th. There were further communications between my client and Mr. Johar including telephone calls and e-mail, the substance of which makes clear that Logistics.com was holding the position open pending her decision on another job offer and the checking of references. The Director of Development, Michael DiBlasio, exchanged e-mail with my client around February 4th in which he advised that the references had checked out. My client advised him that she would accept the offer on that date. There was a subsequent exchange of e-mail confirming that February 19th was to be my client's starting date of employment. Based upon this, she resigned from her former position with WebDialogs, her previous employer. On February 13th she received a phone call from Logistics rescinding the job offer. Ms. Jennifer Darminio confirmed this rescission by a letter dated February 13, 2002. This letter stated that: "it is especially unfortunate that you terminated your employment with your previous employer, WebDialogs, in order to start employment with us on February 19, 2002. Please accept our apologies."

     Basic contract law provides that when an individual relies on a promise MADE by one party to a contract and the other party reneges on its obligations under the contract, then the latter is liable for all reasonable damages as a result of this breach. See <u>Roonev v. Paul D. Osborne Desk Company. Inc.</u>, 645 NE.2nd 50 (1995). This tenant of law exists notwithstanding the fact that my client's employment was to be of an at-will nature. She is actively seeking employment

at this time, but market conditions are such that it is unlikely that she will be able to secure comparable employment in the near future. She is entitled to be made whole for all loss of compensation as a result of your company's breach.

    Before putting this matter in suit, my client has directed me to attempt first to amicably resolve this matter short of litigation. I would hope to hear from you or your legal representative in Mr. John Lanigan
Chief Executive Officer
Logistics.com, Inc.
Page 2
March 7, 2002

furtherance thereof within a reasonable period of time.   If I do not hear from you, then I shall proceed accordingly.

    Thank you for your kind attention to this matter.

    Very truly yours,

    /s/ John F. Maher
    John F. Maher

JFM:mf
CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 7099 3400 0016 4229 0118
cc:   Teresa Rosales

Case 1:05-cv-11442-PBS    Document 16    Filed 08/30/2005    Page 3 of 3