UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA ROSALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 05-11442 PBS |
| | ) |
| MANHATTAN ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MANHATTAN ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Manhattan Associates, Inc. ("Manhattan Associates") hereby submits this opposition to the cross-motion for summary judgment filed by Plaintiff Teresa Rosales ("Plaintiff"). The Plaintiff's motion must fail because Manhattan Associates did not assume the Judgment at issue here under the Asset Purchase Agreement.

Tellingly, the Plaintiff completely ignores the sole issue that was brought by Manhattan Associates in its motion for summary judgment: because the parties to the Agreement explicitly stated in the Agreement that no person other than the parties shall have rights under the Agreement as a third-party beneficiary or otherwise, the Plaintiff may not recover against Manhattan Associates as an intended beneficiary of the Agreement. The Plaintiff, however, completely ignores this issue in her motion for summary judgment and argues that Manhattan Associates assumed the Judgment. This issue cannot be ignored because, even if Manhattan Associates had assumed any liability for the Judgment at issue here, the Plaintiff may not recover against Manhattan Associates because the Asset Purchase Agreement clearly precludes her from doing so.

## **CONCISE STATEMENT OF MATERIAL FACTS**

1. On or about December 13, 2002, Manhattan Associates and Logistics.com entered into an Asset Purchase Agreement (the "Agreement"), whereby Manhattan Associates purchased certain assets of Logistics.com.[1] Pursuant to the Agreement, Manhattan Associates assumed certain and specific obligations of Logistics.com related to the assets that Manhattan Associates purchased from Logistics.com.[2]

2. Under the Agreement, Manhattan Associates assumed certain obligations of Logistics.com, including, in relevant part:

> . . . (c) all of the debts, liabilities, and obligations of the Seller, in accordance with the terms thereof, under or with respect to the Contracts, including, without limitation, those arising in connection with any breach or violation of any Contract by Seller prior to Closing . . .
>
> . . . (g) the following (and no other) liabilities and obligations with respect to employees of Seller hired by Buyer in accordance with Section 6.1:
>
>> (1) liabilities of Seller for wages or salary,
>>
>> (2) liabilities of Seller for bonuses or commissions,
>>
>> (3) liabilities of Seller for reasonable and customary severance costs (including without limitation as a result of this transaction) . . .
>>
>> (4) liabilities of Seller for workers' compensation, and
>>
>> (5) liabilities of Seller for sick pay and vacation accruals.
>
> ***
>
> (h) any liability or obligation (contingent or otherwise) of Seller arising out of any claim, litigation or proceeding either (i) threatened or pending on or before the Closing Date or (ii) threatened or initiated after the Closing Date to the extent based or caused by any act or omission occurring, or condition or

---

[1] Affidavit of Matthew Roberts ("Roberts Affidavit"), ¶ 2. The Affidavit of Matthew Roberts was attached to Manhattan Associates' Motion for Summary Judgment, which was filed with this Court on August 4, 2005.

[2] Asset Purchase Agreement, attached as Exhibit A to the Roberts Affidavit, Article III.

circumstances existing, prior to the Closing Date, with respect to the Purchased Assets, the Assumed Obligations or the Business.[3]

3. The Agreement defines the following relevant terms:

(a) Contracts: All of Seller's rights existing under all supply and distribution agreements and arrangements, sales and purchase agreements and orders, license agreements, consulting agreements, confidentiality and non-disclosure agreements, including without limitation such agreements with current or prior customers and current and prior employees, agents, officers and directors, and under all other contracts, agreements and arrangements relating in all cases to the Business but excluding Lanigan's Employment Agreement.[4]

(b) Business: Business of providing integrated logistics planning and execution solutions for shippers and carriers.[5]

4. Under the Agreement, however, Manhattan Associates does not assume any liabilities or obligations not specifically listed in the Agreement:

Liabilities and Obligations Not Assumed.

3.2.1. Generally. Other than as specifically listed in Section 3.1 above, Buyer shall assume not liability or obligation whatsoever of Seller.

3.2.2. Specifically. Furthermore, except as specifically listed in Section 3.1 above, Buyer expressly disclaims the assumption of, and shall not assume, any liability of any type whatsoever of Seller or in connection with any of Seller's assets or business operations including any liability of Seller that becomes a liability of Buyer under any bulk transfer law of any jurisdiction, under any common law doctrine of de facto merger or successor liability, or otherwise by operation of law, including without limitation the following (the "Excluded Obligations"):

***

(c) Personnel Related. Any and all employment or personnel-related liabilities not specifically assumed under Sections 3.1 or 6.1 of this Agreement.[6]

---

[3] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, §§ 3.1(c), (g) and (h).

[4] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, § 2.1.1.

[5] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, Preamble.

BO1 15735134.2 / 31387-000001

5.  Section 10.13 of the Agreement states that:

<u>No Third-Party Beneficiaries</u>.  No Person not a party to this Agreement shall have rights under this Agreement as a third-party beneficiary or otherwise.[7]

6.  On or about September 26, 2003, Plaintiff's counsel sent a letter to the CEO of Manhattan Associates, whereby it alleges that the Plaintiff's claims against Logistics.com is one for which Manhattan Associates has assumed liability under the Agreement.[8]  This letter constitutes the first notice to Manhattan Associates that the Plaintiff had asserted any claims against Logistics.com.[9]

7.  On or about December 1, 2003, the Plaintiff brought an action against Logistics.com in Massachusetts Superior Court under a theory of promissory estoppel (the "Litigation").[10]  In the Litigation, the Plaintiff alleged that relying on an offer of employment from Logistics.com, she terminated her employment with her former employer on February 2, 2002.[11]  She further alleged that her employment with Logistics.com was to commence on February 19, 2002 and that, on February 13, 2002, Logistics.com rescinded her offer of

---

[6] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, § 3.2.

[7] Asset Purchase Agreement dated December 13, 2002, attached as Exhibit A to the Roberts Affidavit, § 10.13.

[8] Letter dated September 26, 2003 from John F. Maher to Richard M. Haddrill, President and CEO of Manhattan Associates, attached as Exhibit G to the Plaintiff's Motion for Summary Judgment.

[9] Affidavit of Sallie Rosenmarkle ("Rosenmarkle Affidavit"), ¶ 4.

[10] Complaint, Exhibit A.

[11] Complaint, Exhibit A.

employment.[12] The Plaintiff alleged that as the result of the rescission of the offer, she suffered damages.[13]

8.  On or about July 14, 2004, the Superior Court entered a judgment by default against Logistics.com (the "Judgment").[14]

9.  The Plaintiff brought the present action in or around June 16, 2005 against Manhattan Associates alleging that the Judgment was one of Logistics.com's liabilities assumed by Manhattan Associates pursuant to the Agreement.[15] The Plaintiff further alleged that she was a third-party beneficiary of the Agreement, and, as such, was entitled to recover against Manhattan Associates on the Judgment.[16] The Plaintiff did not give notice of the claim against Logistics.com or make a claim against Manhattan Associates prior to the Closing Date of the Agreement.[17]

### I.   Manhattan Associates did not assume liability for the Judgment under the Agreement.

The Plaintiff argues that Manhattan Associates assumed liability for the Judgment under the Agreement under two separate provisions of the Agreement. Both arguments fail.

#### A.   The Judgment is not a "Contract."

First, the Plaintiff points to section 3.1(c), which provides for the assumption of liabilities and obligations related to "Contracts." The term "Contracts" is defined as all agreements and

---

[12] Complaint, Exhibit A.

[13] Complaint, Exhibit A.

[14] Complaint, ¶ 3.

[15] Complaint, ¶ 6.

[16] Complaint, ¶ 7.

[17] Rosenmarkle Affidavit, ¶ 4.

contracts to which Logistics.com was a party that were related to the assets purchased by Manhattan Associates or the Business. The Plaintiff never had a contract with Logistics.com. She was, if anything, an employee-at-will. Because there was never a contract in effect between the Plaintiff and Logistics.com, the Judgment was not an assumed obligation under the Agreement.

      **B.**    **The Agreement specifically excludes assumption of liability for the Judgment.**

The Plaintiff argues that liability for the Judgment was included under section 3.1(h) of the Agreement, which provides for assumption of liabilities or obligations "threatened or pending on or before the Closing Date." This argument also fails because the Agreement specifically excludes assumption of liability for the Judgment.

The Agreement expressly disclaim certain liabilities, including any liabilities not specifically assumed under Section 3.1. Section 3.2.2(c) of the Agreement specifically excludes employment and personnel related liabilities other than certain liabilities with respect to employees of Logistics.com that Manhattan Associates hired pursuant to the Agreement. Because the Judgment arises from a employment-related claim and the Plaintiff was not an employee of Logistics.com hired by Manhattan Associates pursuant to the Agreement, the Judgment is expressly excluded from the liabilities that Manhattan Associates assumed pursuant to the Agreement.

**II.**    **Even if Manhattan Associates Assumed the Judgment, the Plaintiff may not Recover Against Manhattan Associates Because She is not an Intended Beneficiary of the Agreement.**

The Plaintiff's sole claim against Manhattan Associates is one based on a third-party beneficiary theory. As more fully discussed in Manhattan Associates' motion for Summary Judgment, the plaintiff's sole theory of recovery must fail because the Agreement clearly

6

precludes any enforcement or benefit by third-party beneficiaries.  The Plaintiff, however, wholly ignores this issue both in her Opposition and in her cross-motion for summary judgment.

The closest that the Plaintiff comes to addressing the issue is to say that "the cases cited by the defendant, Manhattan, and others considering third-party beneficiary claims, arise out of attorney/client relationships where courts have been loathe to extend such a relationship to parties other than a law firm providing legal advice to an original party."  While *some* cases dealing with third-party beneficiary issues have arisen out of attorney/client relationships, there is ample authority addressing the issue in other contexts.  The Plaintiff simply cannot escape that the law unmistakably provides that "if two contracting parties expressly provide that some third party who will be benefited by performance shall have no legally enforceable right, the courts should effectuate the expressed intent by denying the third party any direct remedy."  *Volpe Const. Co., Inc. v. First Nat. Bank of Boston*, 30 Mass. App. Ct. 249, 256-57 (1991).  *See also Fitzpatrick v. County of Suffolk*, 138 A.D.2d 446, 449-50 (N.Y. App. 1988) (party cannot be intended beneficiary of an agreement where a provision in the contract expressly negates enforcement by third parties); *Nepco Forged Products, Inc. v. Consolidated Edison Company of New York, Inc.*, 99 A.D.2d 508 (N.Y. App. 1984) ("Where a provision exists in an agreement expressly negating an intent to permit enforcement by third parties . . . that provision is decisive").[18]  Even if the Plaintiff could establish that Manhattan Associates assumed any obligation of Logistics.com toward the Plaintiff, because the parties to the Agreement explicitly agreed that no third party would be benefited by it, her claims must fail.

---

[18] While Manhattan Associates' Motion for Summary Judgment cited Massachusetts law, the Agreement provides that the "validity, interpretation and performance of this Agreement and any dispute connected herewith shall be governed by and construed in accordance with the laws of the State of New York, without regard to the conflicts of law principles."  Because both New York and Massachusetts law clearly provide that a third party cannot be an intended beneficiary if the agreement expressly prohibits enforcement by third parties, the result is the same whether Massachusetts or New York law is applied.

**CONCLUSION**

For the foregoing reasons, Manhattan Associates respectfully request that this Court deny the Plaintiff's Motion for Summary Judgment, and that it enter summary judgment in favor of Manhattan Associates and against the Plaintiff.

MANHATTAN ASSOCIATES, INC.

By its Attorneys,

/s/ Heidsha Sheldon
Peter S. Brooks (BBO # 058980)
Heidsha Sheldon (BBO # 655263)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: October 7, 2005

**Certificate of Service**

I, Heidsha Sheldon, hereby certify that on October 7, 2005, I caused a true and accurate copy of the within document to be served by first class mail on John F. Maher, Esq., 50 Pleasant Street, Arlington, MA 02476.

/s/ Heidsha Sheldon
Heidsha Sheldon