UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA ROSALES,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MANHATTAN ASSOCIATES, INC.,<br><br>　　　　　　　Defendant. | CIVIL ACTION NO. 05-11442 PBS |

**AFFIDAVIT OF SALLIE ANN ROSENMARKLE**

I, Sallie Ann Rosenmarkle, on oath depose and state:

1.　　I am employed by Manhattan Associates as Senior Paralegal.

2.　　I make this affidavit of my own personal knowledge, in support of Manhattan Associates, Inc.'s Opposition to Plaintiff's Motion for Summary Judgment.

3.　　On September 30, 2005, Manhattan Associates received a letter from John F. Maher, counsel for Teresa Rosales. A true and accurate copy of this letter is attached hereto as **Exhibit A**.

4.　　This letter constitutes the first notice to Manhattan Associates of any claim asserted by Teresa Rosales against Logistics.com.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF OCTOBER, 2005.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Sallie Ann Rosenmarkle



*John F. Maher*
*Attorney at Law*

*50 Pleasant Street*
*Arlington, Massachusetts 02476*
*Telephone (781) 641-4889*
*Fax (781) 316-3159*

RECEIVED SEP 3 0 2003

September 26, 2003

Mr. Richard M. Haddrill
President and Chief Executive Officer
Manhattan Associates, Inc.
2300 Windy Ridge Pkwy., Suite 700
Atlanta, GA   30339

RE:    **Teresa Rosales**

Dear Sir:

      The undersigned represents Ms. Teresa Rosales in a claim against Logistics.com. A copy of the claim letter on my client's behalf was sent to Mr. John Lanigan, Chief Executive Officer of Logistics, on or about March 7, 2002 by certified mail, return receipt requested. The letter fairly presents the claim, which is one based upon promissory estoppel. The nexus of the claim is that my client left her former employment relying on the Logistics.com employment offer, and this offer was subsequently withdrawn. I have all the supporting documentation in my possession including but not limited to the mutually executed Offer of Employment dated February 13, 2002 and other supporting e-mails and so forth.

      Unfortunately, despite my client's vigorous and documented attempts to secure comparable employment, such efforts have been unavailing. Upon my advice it is now her present intention to institute litigation against Logistics.com for this contractual breach. Permit me to parenthetically note that this claim of promissory estoppel is valid notwithstanding the fact that my client was to be an employee-at-will at Logistics.com. Her claim is not an employment claim, per se, but one of basic detrimental reliance, which finds its validity in basic contract law. My client's damages are increasing and are well over $100,000 at this time notwithstanding her good faith and documented attempts to mitigate same.

      I note from Article III of the Liability and Obligations Provisions of the Acquisition Agreement that you have retained liability for certain of Logistics' liabilities including under subsection (c) "those arising in connection with any breach or violation of any contract by seller prior to closing." I also note under subsection (f) that you have liability for "any claim either threatened on or before the closing date or threatened or initiated before the closing date to the

Mr. Richard M. Haddrill
President and Chief Executive Officer
Manhattan Associates, Inc.
Page 2
September 26, 2003

extent based on or caused by any action or omission or condition or circumstances existing prior to the closing date with respect to the purchase assets, the assumed obligations, or the **business**." (Emphasis supplied). Nothing in paragraph 3.2 of Article III negates this assumption including paragraph (c) thereof entitled personnel related. Assuming even for the sake of argument that this is personnel or employment related, it is not excluded since it has been specifically assumed by its own terms by virtue of being referred in Section 3.1 in both 3.1(c) and 3.1(h) as cited above.

      This letter is meant as a courtesy to advise you of the above-described circumstances, and my intention to institute litigation against Logistics.com to redress its contractual violation. If you would prefer to resolve the matter short of litigation, I would be amenable to discussing this matter at your convenience. My present intention would be to institute litigation against Logistics within the next several days. I would hope to hear from you with a view towards an amicable and quick resolution of this claim.

Very truly yours,

John F. Maher

JFM:mf
Enclosure
cc:    Teresa Rosales

*John F. Maher*
*Attorney at Law*

50 Pleasant Street
Arlington, Massachusetts 02476
Telephone (781) 641-4889
Fax (781) 316-3159

March 7, 2002

Mr. John Lanigan
Chief Executive Officer
Logistics.com, Inc.
23 Third Avenue
Burlington, MA  01803

RE:     **Teresa Rosales**

Dear Sir:

    The undersigned represents Ms. Teresa Rosales of Belmont, Massachusetts, in a claim against your company based upon the legal theory of promissory estoppel. As you may know, Ms. Rosales interviewed with your company on January 24th as a systems engineer. On January 26th she received from Pervinder Johar an oral offer followed by a written offer dated January 28th, which was received on January 30th. There were further communications between my client and Mr. Johar including telephone calls and e-mail, the substance of which makes clear that Logistics.com was holding the position open pending her decision on another job offer and the checking of references. The Director of Development, Michael DiBlasio, exchanged e-mail with my client around February 4th in which he advised that the references had checked out. My client advised him that she would accept the offer on that date. There was a subsequent exchange of e-mail confirming that February 19th was to be my client's starting date of employment. Based upon this, she resigned from her former position with WebDialogs, her previous employer. On February 13th she received a phone call from Logistics rescinding the job offer.
Ms. Jennifer Darminio confirmed this rescission by a letter dated February 13, 2002. This letter stated that: "it is especially unfortunate that you terminated your employment with your previous employer, WebDialogs, in order to start employment with us on February 29, 2002. Please accept our apologies."

    Basic contract law provides that when an individual relies on a promise made by one party to a contract and the other party reneges on its obligations under the contract, then the latter is liable for all reasonable damages as a result of this breach. See Rooney v. Paul D. Osborne Desk Company, Inc., 645 NE.2nd 50 (1995). This tenet of law exists notwithstanding the fact that my client's employment was to be of an at-will nature. She is actively seeking employment at this time, but market conditions are such that it is unlikely that she will be able to secure comparable employment in the near future. She is entitled to be made whole for all loss of compensation as a result of your company's breach.

    Before putting this matter in suite, my client has directed me to attempt first to amicably resolve this matter short of litigation. I would hope to hear from you or your legal representative in furtherance

Mr. John Lanigan
Chief Executive Officer
Logistics.com, Inc.
Page 2
March 7, 2002

thereof within a reasonable period of time. If I do not hear from you, then I shall proceed accordingly.

Thank you for your kind attention to this matter.

Very truly yours,

John F. Maher

JFM:mf
CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 7099 3400 0016 4229 0118
cc:     Teresa Rosales

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Lanigan
Chief Executive Officer
Logistics.com, Inc.
23 Third Avenue
Burlington, MA    01803

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X  Wendy Hurley
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3-8-02

3. Service Type
☒ Certified Mail       ☐ Express Mail
☐ Registered           ☐ Return Receipt for Merchandise
☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number (Copy from service label)
7099 3400 0016 4229 0118

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0952